THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW BICK, as personal representative of JERUSHA SANJEEVI, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UTAH STATE UNIVERSITY; CAROLYN BARCUS, in her individual capacity and as an employee of Utah State University; MELISSA TEHEE, in her individual capacity and as an employee of Utah State University; GRETCHEN PEACOCK, as an employee of Utah State University; TAMARA ELLINGTON, as an individual; AMANDA BLUME, as an individual; and DOES 1-20,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [73] MOTION TO AMEND COMPLAINT**<br><br>Case No. 1:19-cv-00084-DBB<br><br>District Judge David Barlow |

Plaintiff filed a Motion to Amend Complaint.[1] Defendant Utah State University (University) opposed the motion.[2] Under the standards set forth in Federal Rules of Civil Procedure 8 and 15, Plaintiff's motion is GRANTED as to the breach of contract claim and DENIED as to the claim for breach of the implied covenant of good faith and fair dealing.

## BACKGROUND

On October 20, 2020, the court issued an order granting in part and denying in part

---

[1] ECF No. 73.

[2] ECF No. 77.

various motions to dismiss.³ In that order, the court granted the University's motion, without prejudice, as to Plaintiff's third and fourth causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.⁴ Plaintiff now seeks to replead these claims by amending his complaint with additional allegations.

## STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."⁵ A proposed amended complaint is futile if it would not withstand a motion to dismiss or otherwise fails to state a claim.⁶

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."⁷ "By complying with [Rule 8's] requirements, a complaint will provide notice to the opposing party of the basis of the claims against them and will also permit the court to determine whether the allegations, if proven, will entitle the plaintiff to relief."⁸ "Factual allegations must be enough to raise a right to relief above the speculative level."⁹ Mere

---

³ ECF No. 58.

⁴ *Id.*

⁵ *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

⁶ *See Schepp v. Fremont Cnty, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

⁷ Fed. R. Civ. P. 8(a)(2).

⁸ *David v. United States*, -- F. App'x --, 2021 WL 868485, *2 (10th Cir. 2021).

⁹ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

labels, conclusions, and formulaic recitations of the elements "will not do."[10] The standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim.[11] "A complaint must allege facts sufficient to state a plausible claim for relief on its face—that is, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## DISCUSSION

**A. Plaintiff's Proposed Amended Complaint States a Claim for Breach of Contract.**

A contract requires an offer, acceptance, and consideration.[13] Under Utah law, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[14] According to the Utah Supreme Court, "at a minimum, a breach of contract claim must include allegations of when the contract was entered into by the parties, the essential terms of the contract at issue, and the nature of the defendant's breach."[15] Plaintiff has met this burden.

First, he alleges sufficient facts supporting a possible contract between Ms. Sanjeevi and the University. He alleges that on or about February 24, 2016, USU offered, and Ms. Sanjeevi accepted, a position in the Psychology Ph.D Program at the University.[16] Plaintiff alleges the

---

[10] *Id.*

[11] *Id.*

[12] *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021) (citation and internal quotation marks omitted).

[13] *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 732 (Utah 1985).

[14] *Am. W. Bank Members, L.C. v. State,* 2014 UT 49, ¶ 15, 342 P.3d 224.

[15] *Id.* ¶ 17.

[16] ECF No. 73-1 at ¶ 520.

terms of the contract include that the University would abide by the University Policies, Student Code, and Graduate Handbook, provide a learning environment free of harassment and unlawful discrimination, and that it would intervene and discipline students who failed to abide by the aforementioned documents.[17] Plaintiff further alleges that the University represented and offered that it had "multicultural competence to identify, prevent, address, and resolve any harassment, abuse, or prejudice."[18] Plaintiff also avers contractual terms that Ms. Sanjeevi was obligated to pay tuition, enroll in sufficient credit hours, maintain the required grade point average, and act professionally and in accordance with the requirements of the University Policies, Student Code, and Graduate Handbook.[19]

The University argues that these documents did not create a contract.[20] Under Utah law, a contract can consist of an express contract or an implied-in-fact contract.[21] Contracts implied in fact are "contracts established by conduct" and, like express contracts, "require a meeting of the minds."[22] The Utah Supreme Court previously analyzed a university's firearm policy and determined it was "most appropriately viewed as a contract with its students and employees."[23]

---

[17] *Id.* at ¶¶ 523–24.

[18] *Id.* at ¶ 525.

[19] *Id.* at ¶¶ 522, 526.

[20] ECF No. 77 at 6.

[21] *See Sachs v. Lesser*, 2007 UT App 169, ¶ 16, 163 P.3d 662 (analyzing breach of contract claim under an express contract and an implied in fact contract theory), *rev'd on other grounds by Sachs v. Lesser*, 2008 UT 87, 207 P.3d 1215; *Berube v. Fashion Ctr., Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[22] *Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60 ¶ 44, 355 P.3d 1000.

[23] *Univ. of Utah v. Shurtleff*, 2006 UT 51, ¶ 28, 144 P.3d 1109.

And similarly, Utah courts "have stated that an employee may use an employer's written policies, bulletins, or handbooks as evidence of an implied-in-fact contract.'"[24]

Other courts have also determined that plaintiffs have alleged facts to support the existence of a contract by referencing a university's website, promotional and marketing materials, acceptance letters, brochures, and policies.[25] And, unlike in *Roach*, the proposed amended complaint cites specific provisions of the documents and does not simply direct the court to the policies.[26] While the court in *Slaughter* expressed concerns that the plaintiff based the complaint on contract theory alone, and the school catalogue and conduct-honor codes were the only evidence of a contract, it was concerned about "rigidly" applying contract law in the analysis of the relationship between a plaintiff and a university.[27] The Tenth Circuit was cautious about "stuffing" the student-university relationship "into one doctrinal category" and acknowledged that the relationship "may also be different at different schools."[28] But the Tenth Circuit also noted that there were "many cases which refer to a contractual relationship existing between the student and the university."[29] For the reasons discussed above, Plaintiff's allegations can support a possible contract.

Next, Plaintiff alleges that Ms. Sanjeevi performed her obligations under the contract by paying her tuition in full, enrolling in sufficient credit hours, maintaining appropriate grades, and

---

[24] *Hiatt v. Brigham Young Univ.*, No. 1:20-CV-00100-TS, 2021 WL 66298, at *3 (D. Utah Jan. 7, 2021) (quoting *Hodgson v. Bunzl Utah, Inc.*, 844 P.2d 331, 333 (Utah 1992)).

[25] *See, e.g.*, *Hiatt*, 2021 WL 66298, at *4; *Botts v. Johns Hopkins Univ.*, No. CV ELH-20-1335, 2021 WL 1561520, at *11 (D. Md. Apr. 21, 2021).

[26] *See Roach v. Univ. of Utah*, 968 F. Supp. 1446 (D. Utah 1997).

[27] *Slaughter v. Brigham Young Univ.*, 514 F.2d 622, 626 (10th Cir. 1975).

[28] *Id.*

[29] *Id.*

acting professionally and in conformity with the University Policies, Student Code, and Graduate Handbook.[30] Plaintiff then alleges that the University breached its obligations by failing to provide an environment free of harassment and discrimination, as well as not having the "cultural competence" it professed to have.[31] Lastly, Plaintiff has alleged damages in the form of the death of Ms. Sanjeevi after the University's breach.[32]

Whether or not the facts actually support the existence of a contract and its breach is a matter for discovery. At this stage, the court reviews whether the complaint alleges facts "sufficient to state a plausible claim for relief on its face."[33] As discussed above, Plaintiff has met that burden, and his motion to amend is granted as to this claim.

### B. Plaintiff's Proposed Amended Complaint Does Not State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

"Under the covenant of good faith and fair dealing, each party impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's rights to receive the fruits of the contract."[34] Therefore, Plaintiff must allege sufficient facts showing that the University intentionally or purposely destroyed or injured Ms. Sanjeevi's rights under the contract. He has failed to do so.

The court first notes that Plaintiff's reply does not even address the University's arguments on this claim.[35] Specifically, the University argued that the proposed amended

---

[30] ECF No. 73-1 at ¶ 526.

[31] *Id.* at ¶ 528.

[32] *Id.* at ¶ 530.

[33] *Sinclair Wyo. Ref. Co.*, 989 F.3d at 765.

[34] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991).

[35] *See* ECF No. 80.

complaint did not allege that it had intentionally injured Ms. Sanjeevi's contractual rights.[36] Because Plaintiff failed to address these arguments, he has conceded this issue. Additionally, his proposed amended complaint simply does not contain sufficient well-pleaded facts to support a claim that the University intentionally or purposely acted to destroy Ms. Sanjeevi's rights under the alleged contract.

Plaintiff makes only conclusory allegations that the University's "conduct and omissions outlined herein were performed or omitted with reckless disregard for Sanjeevi's justified expectations under the contract."[37] He also offers a second conclusory allegation that the University "breached the implied covenant of good faith and fair dealing."[38] But he identifies no facts showing how the University intentionally or purposely acted or interfered with Ms. Sanjeevi's rights under the contract. This is insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[39] Because Plaintiff has not alleged sufficient facts and conceded the University's argument by failing to respond to it, Plaintiff's motion is denied as to the claim for breach of the implied covenant of good faith and fair dealing.

## ORDER

Accordingly, Plaintiff's motion to file an amended complaint is GRANTED as to his claim for breach of contract and DENIED as to the claim for breach of the implied covenant of good faith and fair dealing.

---

[36] ECF No. 77 at 9.

[37] ECF No. 73-1 at ¶ 535.

[38] *Id.* at ¶ 536.

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court notes that the proposed amended complaint attached to the Plaintiff's motion includes causes of action that were previously dismissed by the court or the parties. Plaintiff is denied leave to file that complaint. However, Plaintiff is granted leave to file an amended complaint combining the exact allegations in the original complaint and the attached proposed amended complaint but excluding the causes of action that were either previously dismissed or otherwise denied in this order.

Signed June 10, 2021.

BY THE COURT

_____
David Barlow
United States District Judge